NORTH CAROLINA

WILSON COUNTY

FILED
2010 MAR -4 AM 11:51
WILSON COUNTY, C.S.C.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
10 CvS _____

SHIRLEY HINES MAY,

    Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and GARY WELLER,

    Defendants.

**COMPLAINT**

(COMP)

Plaintiff complaining of Defendants, alleges the following:

    1.    Plaintiff Shirley Hines May ("Plaintiff") is a citizen and resident of Wilson, Wilson County, North Carolina.

    2.    Defendant State Farm Mutual Automobile Insurance Company ("Defendant State Farm") is an Illinois corporation licensed by the State of North Carolina to sell automobile insurance and at all relevant times was selling automobile insurance in North Carolina, including in Wilson County.

    3.    Defendant Gary Weller ("Defendant Weller") is an employee or authorized agent of Defendant State Farm and a citizen and resident of Wilson County, North Carolina.

    4.    At all relevant times in his interactions with Plaintiff, Defendant Weller was acting within the course and scope of his employment or agency with Defendant State Farm.

    5.    In or about 1986, Defendant Weller sold Plaintiff an automobile insurance policy with Defendant State Farm, policy number 2674956F64338.

    6.    Plaintiff purchased and renewed her insurance policy with Defendant State Farm annually because of Defendant Weller's advice and because Defendant State Farm and its representatives represented that Defendant State Farm was "like a good neighbor" and that it would be "there" for her.

    7.    Defendants State Farm and Weller promised, when issuing and renewing the policy of automobile insurance to Plaintiff, that State Farm would be there when Plaintiff needed State Farm and that State Farm would treat her fairly and in good faith.



8. Defendants State Farm and Weller represented to Plaintiff that State Farm would provide her with "Good Neighbor" service on claims she might make on her automobile insurance policy.

9. Defendants State Farm and Weller represented to Plaintiff that Plaintiff could trust Defendant State Farm and that she could count on State Farm.

10. Defendant State Farm's insurance policy provided to Plaintiff insurance coverage for injury and damages resulting from an accident with an uninsured motorist in the amount of $30,000.00 per person.

11. Plaintiff purchased the uninsured motorist coverage because Defendants State Farm and Weller told Plaintiff the coverage would protect her if she were injured by an uninsured driver.

12. On April 8, 2006, Plaintiff was on her way to church when an impaired driver, Sherbia Lynch Payton, driving a stolen vehicle and fleeing from the police at a high rate of speed, ran a stoplight and violently collided with Plaintiff's vehicle.

13. In the collision, Plaintiff's airbag deployed and struck her in the face and ear, her shoulder, arm, hip and leg struck her vehicle's frame, and she developed pain in various parts of her spine and body resulting in the need for emergency room treatment and follow up medical care.

14. Plaintiff was not contacted by any insurance company following the collision, and subsequently contacted Martin & Jones, PLLC to investigate the collision and represent her in a claim for bodily injuries.

15. After investigating the claim, Plaintiff learned that Payton was uninsured.

16. Upon learning that Payton was uninsured, Plaintiff, through counsel, made a claim to Defendant State Farm for payment of her injuries and damages under the uninsured motorist provision of her State Farm policy.

17. After all of Plaintiff's collision related medical bills, medical records and documentation of other damages were forwarded to Defendant State Farm, Plaintiff made a settlement demand to Defendant State Farm within the uninsured policy limits of $30,000.00.

18. Defendant State Farm denied Plaintiff's claim, but unilaterally made a payment to Plaintiff in the amount of $8,724.40 on December 29, 2008, claiming that was a fair settlement.

19. The amount State Farm unilaterally paid was less than the amount of Plaintiff's medical expenses and lost wages associated with the injuries she suffered in the collision and was not fair or reasonable.

20. When Plaintiff made an uninsured claim to Defendant State Farm, Defendants did not provide "Good Neighbor" service to Plaintiff.

2

21. Defendant State Farm had notice of the incident, knowledge of the circumstances involving the incident and possession of all of the documents necessary to fairly consider and pay Plaintiff's uninsured claim.

22. Defendant State Farm also knew that Payton was driving while impaired and speeding when she ran the red light and violently crashed into Plaintiff.

23. Defendant State Farm refused to settle Plaintiff's claim in good faith, forcing Plaintiff to file a lawsuit on January 29, 2009, styled as <u>Shirley H. May v. Sherbia Lynch Payton</u>, 09 CVS 155 in Wilson County Superior Court in order to recover a fair amount of her uninsured motorist benefits.

24. On March 31, 2009, Defendant State Farm answered Plaintiff's complaint and denied that the drunk driver who collided with Plaintiff was negligent, denied the Plaintiff suffered any injury in the collision, and asked the court that Plaintiff "have and recover nothing" from State Farm, and asked that the costs of the action be taxed against Plaintiff.

25. In its Answer, Defendant State Farm requested a jury trial on all issues of fact.

26. On July 24, 2009, Defendant State Farm's counsel took Plaintiff's deposition.

27. On August 17, 2009, Defendant State Farm's counsel chose to file a Motion to Amend its Answer to allege that Plaintiff was contributorily negligent and that Defendant State Farm should not have to pay Plaintiff anything for the bodily injuries or other damages Plaintiff suffered in the accident, even though Defendant State Farm had no objectively reasonable basis to allege that Plaintiff was contributorily negligent.

28. On August 20, 2009, the parties conducted court ordered mediation, whereby Defendant State Farm initially offered as a settlement the $8,724.40 that it had unilaterally advanced to Plaintiff and then later refused to negotiate a good faith settlement despite Plaintiff's offer to settle her uninsured motorist claim for less than the policy limits.

29. At all relevant times, Plaintiff offered to settle her underinsured motorist claim for an amount less than Defendant State Farm's policy limits of $30,000.00.

30. During the November 30, 2009 Wilson County Superior Court Session, the parties tried the case before a jury and the jury returned a verdict in Plaintiff's favor in the amount of $45,000.00.

31. On December 15, 2009, the court entered judgment in the amount of $45,000.00, with costs and interest taxed to the Defendant.

32. The resulting judgment was 500% greater than Defendant State Farm's unilateral settlement payment of $8,724.40. Defendant State Farm has not appealed the judgment.

33. Following entry of the judgment, Defendant State Farm paid Plaintiff $21,275.60 (which equates to her $30,000.00 uninsured limits less the $8,724.40 advance), but Defendant State Farm has refused to pay any interest, court costs or the full judgment amount.

3

## **BREACH OF CONTRACT**

34. Defendant State Farm's and Defendant Weller's conduct, actions and refusal to settle Plaintiff's claim in good faith constitutes a breach of contact and bad faith insurance practices and/or a bad faith refusal to settle in one or more of the following particulars:

- a. Defendant State Farm and Defendant Weller breached a covenant of good faith and fair dealing owed to Plaintiff;

- b. Defendant State Farm willfully, oppressively and maliciously delayed paying the Plaintiff in order to bring financial pressure to bear upon her;

- c. Defendant State Farm misused its power and authority in such a way that it is tantamount to outrageous conduct;

- d. Defendant State Farm recklessly and wantonly disregarded the Plaintiff's rights as an insured under State Farm's policy;

- e. After the investigation of Plaintiff's claim, Defendant State Farm determined, or should have determined, that Plaintiff's claim was valid and nevertheless Defendant State Farm refused to pay the fair value of Plaintiff's claim;

- f. Defendant State Farm persistently failed to pay Plaintiff's claim or even make a fair settlement without a valid basis under the provisions of the policy which were written by State Farm;

- g. Defendant State Farm's failure to pay the fair value was neither based on honest disagreement nor on an innocent mistake;

- h. Defendant State Farm did not attempt to make a good faith effort to effectuate prompt, fair and equitable settlement of Plaintiff's claim despite the fact that the coverage and the value was reasonably clear;

- i. Defendant State Farm forced Plaintiff to institute litigation to recover amounts due her under her insurance policy written by Defendant State Farm;

- j. Defendant State Farm should have promptly paid Plaintiff's claim because there was no reasonable basis upon which to reduce the value of the claim, said reduction was in bad faith and said actions were taken to force Plaintiff to undergo unreasonable and unnecessary aggravation, delay and expense in order to recover insurance benefits which were owed by Defendant State Farm to Plaintiff under the terms of the personal automobile insurance policy; and

- k. Defendant State Farm breached its duty of good faith and fair dealing owed to Plaintiff in other ways to be proven during discovery and at trial.

35. The incidents enumerated above constitute bad faith insurance practices and/or bad faith refusal to settle by Defendant State Farm and Defendant Weller that proximately caused Plaintiff's damages and for which Plaintiff is entitled to recover compensatory and punitive damages in excess of $10,000.00.

## UNFAIR TRADE PRACTICES

36. Upon information and belief, Defendant State Farm routinely refuses and fails to honor meritorious claims submitted by its insureds for reasonable expenses and necessary medical services due to injuries sustained in motor vehicle collisions.

37. Upon information and belief, Defendant State Farm has refused reasonable uninsured or underinsured claims from its insureds as a regular business practice. State Farm engages in arbitrary decisions that certain claims and/or medical expenses are "unreasonable" based upon a computer analysis alone and without any competent medical review. The systematic denial of and failure to settle reasonable claims without grounds is a violation of N.C.G.S. §58-63-15(11)f.

38. Defendant State Farm's arbitrary denial of Plaintiff's claim, and Defendant State Farm's failure to negotiate a prompt, fair and equitable settlement constitute an unfair trade practice under N.C.G.S. §75 1.1.

39. Defendant's conduct is a violation of N.C.G.S. §58-63-15(11) and is a *per se* violation of N.C.G.S. §75-1.1.

40. Defendant State Farm's conduct is also a violation of N.C.G.S. §75-1.1 in that its acts affect commerce and were and continue to be immoral, unethical, oppressive and substantially injurious to Plaintiff.

41. Defendant State Farm attempted to force Plaintiff to settle her claim for less than a fair value as was determined by the court.

42. The incidents enumerated above constitute bad faith and unfair and deceptive trade practices by Defendant State Farm for which Plaintiff is entitled to recover compensatory treble or alternatively punitive damages in an amount in excess of $10,000.00.

## DAMAGES

43. As a result of Defendant State Farm's bad faith insurance practices, bad faith refusal to settle and/or unfair trade practices, Plaintiff was specifically damaged as follows:

    a. Forced to litigation and the trial process resulting in her incurring litigation expenses in the amount of at least $4,863.33;

    b. The loss of use of compensation due to her for her injuries, at the legal rate of interest; and

5

c. The complete value of her loss of $45,000.00, plus interest as allowed by law, less Defendant State Farm's payments totaling $30,000.00.

44. As a result of Defendant State Farm's bad faith and unfair and deceptive trade practices, Plaintiff has been damaged in an amount in excess of $10,000.00.

## PUNITIVE DAMAGES

45. Defendant State Farm's egregiously wrongful acts and its fraudulent malicious and willful or wanton conduct, which constitutes a tortuous refusal to pay a claim to its insured in good faith and pursuant to the terms of its insurance policy, for which the Plaintiff is entitled to recover punitive damages pursuant to N.C.G.S. §1D-15.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court for relief as follows:

1. Plaintiff have and recover of Defendant State Farm and Defendant Weller an amount in excess of $10,000.00 plus prejudgment and post judgment interest from the date of filing this action plus costs and expenses until paid;

2. Plaintiff have and recover of Defendant State Farm treble the amount of damages as provided by law.

3. Plaintiff have and recover punitive damages against Defendant State Farm in an amount to be determined by the jury with interest as allowed by law.

5. That the Costs of this action be taxed to Defendant State Farm.

6. That Defendant State Farm be ordered to pay reasonable attorney's fees as provided law;

7. That Plaintiff be granted a jury trial on all issues.

This the 2nd day of March, 2010.

MARTIN & JONES, PLLC
BY: _____
H. Forest Horne, Jr., NCSB # 16678
Walter McBrayer Wood, NCSB # 33537
410 Glenwood Avenue, Suite 200
Raleigh, North Carolina 27603
Telephone: (919) 821-0005
Facsimile: (919) 863-6084
Attorneys for Plaintiff

6

| Name Of Plaintiff | |
|---|---|
| SHIRLEY HINES MAY | |
| Address | **CIVIL SUMMONS** |
| 4108 NANTUCKET DRIVE | ☐ ALIAS AND PLURIES SUMMONS |
| City, State, Zip | |
| WILSON, NC 27896 | |

**VERSUS**

G.S. 1A-1, Rules 3, 4

| Name Of Defendant(s) | Date Original Summons Issued |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND GARY WELLER | |
| | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY<br>c/o Registered Agent Wayne Goodwin, Commissioner of Insurance<br>P.O. Box 26387<br>Raleigh, NC 27611 | Gary Weller<br>1819 Forest Hills Road<br>Wilson, NC 27896 |

**A Civil Action Has Been Commenced Against You!**
You are notified to appear and answer the complaint of the plaintiff as follows:
1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff at the plaintiff's last known address;
2. File the original of the written answer to the complaint with the Clerk of Superior Court of the county named above; and
3. Serve the original of your responses to the plaintiff's interrogatories and request for production of documents upon the plaintiff or plaintiff's attorney within forty-five (45) days after you have been served.

If you fail to answser the complaint, the plaintif will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date Issued | Time | |
|---|---|---|---|
| H. Forest Horne, Jr.<br>Martin & Jones, PLLC<br>410 Glenwood Avenue, Suite 200<br>Raleigh, North Carolina 27603 | 3/16/10 | 11:51 | ☑ AM ☐ PM |
| | Signature *Jean D. Stroud* | | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | | |

| ☐ ENDORSEMENT | Date Of Endorsement | Time | ☐ AM ☐ PM |
|---|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Signature | | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts

(Over)

| | RETURN OF SERVICE | |
|---|---|---|
| I certify that this Summons and a copy of the complaint were received and served as follows: | | |

**DEFENDANT 1**

| Date Served | Time Served  ☐ AM  ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (If corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

**DEFENDANT 2**

| Date Served | Time Served  ☐ AM  ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (If corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid  $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 10/01
© 2001 Administrative Office of the Courts

# North Carolina
## DEPARTMENT OF INSURANCE
Wayne Goodwin | Commissioner of Insurance

**SERVICE OF PROCESS**

Shirley Hines May

vs

State Farm Mutual Automobile Insurance Company

I, Gloria H. Glasco, a Special Deputy duly appointed for the purpose, do hereby accept service of the within Civil Summons and acknowledge receipt of a copy of the same, together with a copy of the Complaint, Plaintiff's First Set of Interrogatories to Defendant State Farm Mutual Automobile Insurance Company and Weller, and Plaintiff's First Request for Production of Documents to Defendant State Farm Mutual Automobile Insurance Company and Weller, under the provisions of North Carolina General Statute

Section 58-16-30 as process agent for State Farm Mutual Automobile Insurance Company.

This the 12th day of March, 2010.

WAYNE GOODWIN
Commissioner of Insurance

*Gloria H. Glasco*
Gloria H. Glasco
Special Deputy for
Service of Process

1201 Mail Service Center | Raleigh, NC 27699-1201 | tel: 919.716.6610 fax: 919.716.6757 | www.ncdoi.com
An Equal Opportunity/Affirmative Action Employer

Case 5:10-cv-00141-F   Document 1-2   Filed 04/12/2010   Page 9 of 15

STATE OF NORTH CAROLINA      IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
COUNTY OF WILSON      10 CVS 443

| | |
|---|---|
| SHIRLEY HINES MAY,<br><br>                         Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND GARY WELLER,<br><br>                        Defendants. | **MOTION TO EXTEND TIME TO ANSWER** |

     Pursuant to Rule 6(b) of the Rules of Civil Procedure, defendant Gary Weller (hereinafter "Defendant Weller"), by and through counsel, respectfully moves the court for an order extending time in which to answer the complaint until and including May 22, 2010, and in support thereof shows unto the court that additional time is needed to investigate and gather information and prepare the answer. The civil summons and complaint were served on Defendant Weller by personal service on March 23, 2010. By our calculations, our initial period to answer or otherwise plead runs on April 22, 2010. As such, we request that you enter an order enlarging our time to answer or otherwise plead through and including May 22, 2010.

     This the 7TH day of APRIL, 2010.

                                         HEDRICK, GARDNER, KINCHELOE & GAROFALO, L.L.P.

                            By: _____
                                         SCOTT LEWIS
                                         NC State Bar No. 22167
                                         ELLEN J. PERSECHINI
                                         NC State Bar No. 28742
                                         Attorney for Defendants
                                         1838 Sir Tyler Dr., Suite 200
                                         Wilmington, NC 28405
                                         (910) 509-9664

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served upon all counsel of Record by depositing a copy of the same in an official depository of the United States mail in a postage-paid envelope addressed as follows:

> H. Forest Horne, Jr.
> Walter McBrayer Wood
> Martin & Jones
> 410 Glenwood Avenue, Suite 200
> Raleigh, NC 27603

This the **7TH** day of **APRIL, 2010**.

_____
**ELLEN J. PERSECHINI**

STATE OF NORTH CAROLINA  IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
COUNTY OF WILSON  10 CVS 443

SHIRLEY HINES MAY,

                  Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND GARY WELLER,

                  Defendants.

**ORDER EXTENDING TIME TO ANSWER**

THIS CAUSE being heard by the undersigned Clerk on motion of Defendant Weller for an order extending time in which to serve an answer to the complaint, pursuant to Rule 6(b) of the Rules of Civil Procedure; and it appearing to the court that the time has not expired for answering said complaint; and that the motion should be allowed.

It is thereby ordered that the time in which to answer or otherwise plead be extended to and including May 22, 2010.

_____
Clerk of Superior Court

STATE OF NORTH CAROLINA          IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
COUNTY OF WILSON                   10 CVS 443

SHIRLEY HINES MAY,

                 Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY AND GARY
WELLER,

                 Defendants.

**MOTION TO EXTEND TIME TO ANSWER**

       Pursuant to Rule 6(b) of the Rules of Civil Procedure, defendant State Farm Mutual Automobile Insurance Company (hereinafter "State Farm"), by and through counsel, respectfully moves the court for an order extending time in which to answer the complaint until and including May 24, 2010, and in support thereof shows unto the court that additional time is needed to investigate and gather information and prepare the answer. **The complaint was served on State Farm through the Department of Insurance according to N.C.G.S. §58-16-30 on July 23, 2004. Therefore, according to the provisions in N.C.G.S. §58-16-45, State Farm has an additional 12 days to respond, which gives State Farm a total of forty-two days to respond.** By our calculations, our initial period to answer or otherwise plead runs on April 24, 2010. As such, we request that you enter an order enlarging our time to answer or otherwise plead through and including May 24, 2010.

       This the **7TH** day of **APRIL, 2010**.

                                          HEDRICK, GARDNER, KINCHELOE &
                                          GAROFALO, L.L.P.

           By:    _____
                                          SCOTT LEWIS
                                          NC State Bar No. 22167
                                          ELLEN J. PERSECHINI
                                          NC State Bar No. 28742
                                          **Attorney for Defendants**
                                          1838 Sir Tyler Dr., Suite 200
                                          Wilmington, NC 28405
                                          (910) 509-9664

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served upon all counsel of Record by depositing a copy of the same in an official depository of the United States mail in a postage-paid envelope addressed as follows:

> H. Forest Horne, Jr.
> Walter McBrayer Wood
> Martin & Jones
> 410 Glenwood Avenue, Suite 200
> Raleigh, NC 27603

This the 7TH day of APRIL, 2010.

_____
ELLEN J. PERSECHINI

STATE OF NORTH CAROLINA      IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
COUNTY OF WILSON      10 CVS 443

FILED
'10 APR -8 PM 12:48
WILSON COUNTY, C.S.C.
BY

| | |
|---|---|
| SHIRLEY HINES MAY,<br><br>                           Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND GARY WELLER,<br><br>                          Defendants. | **ORDER EXTENDING TIME TO ANSWER** |

THIS CAUSE being heard by the undersigned Clerk on motion of Defendant State Farm for an order extending time in which to serve an answer to the complaint, pursuant to Rule 6(b) of the Rules of Civil Procedure; and it appearing to the court that the time has not expired for answering said complaint; and that the motion should be allowed.

It is thereby ordered that the time in which to answer or otherwise plead be extended to and including May 24, 2010.

*Peggy W. Weaver, Apt.*
Clerk of Superior Court